**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ANGEL OLMEDO FACONDA SHAMBI,

Petitioner,

v.

LUIS SOTO, et al.,

Respondents.

Civil Action No. 26-8651 (SDW)

OPINION

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Angel Olmedo Faconda Shambi, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey.  (ECF No. 1).

2.      Petitioner is a citizen of Ecuador.  (*Id.* ¶ 2).  He entered the United States on or about January 21, 2006 without inspection.  (*Id.* ¶ 3).  Petitioner was detained by ICE on July 12, 2026.  (*Id.* ¶ 4).  This Petition followed on July 13, 2026.  (ECF No. 1).

3.      Respondents filed an answer on July 16, 2026 arguing that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and that he had not requested a bond hearing.  (ECF No. 6 at 2).

4.      Petitioner responded that he "is prevented from seeking administrative relief in the form of a bond hearing before an Immigration Judge in New Jersey pursuant to [Board of Immigration Appeals ("BIA")] case law precedent."  (ECF No. 7 at 1).

5.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6.      Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

7.      "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."  *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

8.      "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...."  *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018).  Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'"  *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)).  "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well."  *Id.*

2

9.     "Immigration detainees seeking to invoke this Court's habeas jurisdiction ... must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).

10.     It would not be futile to require exhaustion.  Courts in the Third Circuit have excused exhaustion in cases in which the United States argues § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the BIA decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  *See, e.g., Zheng*, 826 F. Supp. 3d at 553 ("Petitioner was not required to exhaust any administrative remedies before pursuing relief in this Court because … such efforts would be futile."); *Vimos v. Fed. Det. Ctr. Philadelphia*, No. 26–cv–00780, 2026 WL 381173, at *4 (E.D. Pa. Feb. 11, 2026).

11.     That is not the case for Petitioner.  Respondents concede that Petitioner is being detained pursuant to § 1226(a), so he is entitled to request a bond hearing from the immigration courts.  Therefore, he must do so before seeking habeas relief from this Court.

12.     Accordingly, the Petition will be dismissed without prejudice.

13.     If the immigration courts refuse to hold a bond hearing citing *Hurtado*, Petitioner may seek relief in this Court.

14.     An appropriate order follows.

   /s/ Susan D. Wigenton    
**SUSAN D. WIGENTON, U.S.D.J.**
